## Welsh *v.* Kerr Coal Company, Appellant.

*Mines and mining—Defective mining—Defective support—Negligence —Case for jury—Adjoining landowners.*

1. Where one takes the risk of injuring others to save trouble or expense to himself in the use or enjoyment of his property, he makes himself liable for any loss his conduct may inflict upon his neighbor.

2. In an action against a coal company to recover damages for the destruction of a house and injury to land caused by a slide, the case is for the jury where expert witnesses for the plaintiff testify that the slide was due to the excessive weight of a tramway upon a surface weakened in texture and strength by the escape of mine water through it; that the defendant could have conducted the water in a harmless channel as was customary in such operations; that the tramway could have been fortified by artificial support at small expense; and other witnesses testify that no such thing as a slide had ever occurred at the locality until after the defendant had started mining operations.

Argued Oct. 4, 1911. Appeal, No. 41, Oct. T., 1911, by defendant, from judgment of C. P. Armstrong Co., Sept. Term, 1909, No. 115, on verdict for plaintiff in case of Frank Welsh v. Kerr Coal Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for injuries to a building and land. Before PATTON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*R. A. McCullough* and *R. L. Ralston,* for appellant.

*C. E. Harrington,* with him *Harry C. Golden,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 2, 1912:

In consequence of a slide, occurring on the hill on which plaintiff owned an improved lot of ground with dwelling erected thereon, plaintiff's building was wrecked and his property otherwise seriously damaged.  He brought the present action against the defendant company complaining that the slide was occasioned by the negligence of the defendant in opening and operating its coal mine on the hillside some twenty-eight feet above the level of his property.  The defendant had utilized the dirt and culm which it had taken from the entry of the mine in constructing a tramway along the hillside from the mouth of the mine, some 240 feet north of plaintiff's land, to its tipple, 250 feet deep south of said lot, upon which tracks were laid to run cars upon between mine and tipple.  It further appeared that in opening the mine, water in considerable quantity which prior thereto had subterranean flow, was diverted in its course and escaped through the entry to the mine above the tramway.  The averment was that the defendant company had provided no proper drainage for this water, and had negligently allowed it to percolate through the soil or loam upon the hillside, so that the soil of plaintiff's lot had become loosened and insufficient to support the weight and pressure of the tramway which defendant had constructed along the hillside, and that the slide which wrecked the plaintiff's house was the immediate result of the defendant's negligence in this regard.  The case was carefully tried, and was submitted to the jury in a full and impartial charge, with the result that recovery was allowed the plaintiff.  The burden of the appeal is that the court erred in not directing a verdict for the defendant, on the ground that the evidence was not sufficient to warrant the inference that the slide that did the injury resulted from either or both of the acts complained of, and that no negligence was shown. The first proposition takes no account whatever of the testimony of the several witnesses called by plaintiff, who, speaking from long acquaintance with the hillside,

say that no such thing as a slide ever occurred there until after defendant's coal operation was entered upon in 1906; and, what is far more important, the testimony of the expert witnesses called by plaintiff, who, speaking from long familiarity with coal operations such as defendant's, does not hesitate to ascribe the slide to the excessive weight of the tramway upon a surface weakened in texture and strength by the escape of mine water through it. The competency of the witness to testify in this regard was clearly established, not simply by long experience in connection with coal operations, but by scientific attainments as well. The weight of his testimony, and that of others, with less experience perhaps, but sufficient to qualify them as experts, the correctness of their conclusions, with the reasons on which they rested, were matters wholly for the consideration of the jury. The second proposition is alike untenable. Assuming that the immediate cause of the slide was the weakening of the surface below the tramway by reason of the escaped mine water—and this was evidently the conclusion reached by the jury—was it negligence in the defendant company to suffer this escape in view of conditions there existing? To show that it was, the same expert witnesses were called to testify that such result as a slide was reasonably to be anticipated where such conditions existed, and that because of this it was usual and customary in operations of this kind to conduct the escaped water in a harmless channel; that it was entirely practicable to have done so in this instance; and without this, that it was reasonably practicable for the defendant to have fortified its tramway by artificial support at small expense. The testimony of the main witness for the plaintiff, Robert H. Wilson, a mining engineer of more than thirty years' experience, was as follows: "Considering the nature of the ground, that that place was a slippery one, it was not a safe proposition to start to build the fill (tramway) without greater protection than was taken; . . . . that fill, as it appears from the indication on the surface of things there, a care-

ful builder or construction man would not have thought of putting that fill on without taking some precaution to make it tight on the slippery places both for himself as well as the property below. I would say some sort of footing should have been put in there, that would have been only a common and reasonable precaution and a very necessary one in the building of that fill, otherwise the building of that fill is probably just as anyone would do it if they had to get rid of the material from the mine, but they did not begin their work right." In view of such testimony as this, supported as it was by that of other witnesses to like effect, a withdrawal of the case was impossible. The case of Penna. Coal Co. v. Sanderson, 113 Pa. 126, so much relied upon by appellant, is without application here. That case neither contradicts nor qualifies a settled rule which does here apply, that where one takes the risk of injuring others to save trouble or expense to himself in the use and enjoyment of his property, he makes himself liable for any loss his conduct may inflict on his neighbor. On a review of the whole record we are of opinion that the case was one for the jury. We see no merit in the assignments that charged error in the admission of evidence.

The judgment is affirmed.